UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. DILKS,<br><br>              Petitioner,<br><br>    vs.<br><br>JOHN McMAHON (Sheriff),<br><br>              Respondent. | Case No. EDCV 14-2187-JFW (RNB)<br><br>ORDER TO SHOW CAUSE |

    On October 23, 2014, the Clerk's Office in the Riverside Division received a document from petitioner captioned "Petition for Writ of Habeas Corpus." Since the document on its face purported to relate to a California criminal proceeding, it was processed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    It is unclear to the Court whether petitioner intended to file the Petition in this Court, as opposed to in the California Court of Appeal. If petitioner did intend to file the Petition in this Court, then it suffers from the following deficiencies.

    First, 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Here, it appears from the face of the Petition that petitioner is not claiming to be in custody pursuant to the

judgment of a California state court. Rather, he is in custody following his nolo contendere plea to a charge of attempted unlawful taking of a vehicle, and his sentencing along with the pronouncement of judgment currently is calendared for November 7, 2014. Consequently, it appears to the Court that the jurisdictional requisite for a § 2254 petition consequently has not been met here.

Second, while 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding, as a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746. 27 L. Ed. 2d 669 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues), cert. denied, 516 U.S. 806 (1995). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993); Partington v. Gedan, 880 F.2d 116, 121 (9th Cir. 1989), cert. denied, 497 U.S. 1038 (1990). To determine whether an exception to Younger is present, the court "must also examine whether the proceeding

demonstrates 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Partington, 880 F.2d at 121 (quoting Middlesex, 457 U.S. at 435). Here, it appears to the Court that all three criteria for Younger abstention are met with respect to the criminal proceeding still pending against petitioner in the Superior Court in Victorville. Moreover, petitioner has not sufficiently alleged any bad faith or harassment by state officials, or that he will be irreparably injured by waiting until the conclusion of the California criminal proceeding to assert his claim that the refiling of the charges against him did not comply with the requirements of Cal. Penal Code § 871.5 (which the Court notes is not even a claim cognizable on federal habeas review) and his ineffective assistance of counsel and illegal plea claims. Indeed, nothing precludes petitioner from asserting his jurisdictional claims at the time of his sentencing.

Third, if judgment is pronounced as expected on November 7, 2014, then the jurisdictional requisite for a § 2254 petition will be met. Petitioner's claims then will be subject to the exhaustion of state remedies requirement of § 2254(b). Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).

IT THEREFORE IS ORDERED that, on or before **November 13, 2014**, petitioner show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for one or more of the reasons stated above.

DATED: October 27, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE