I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-17-14

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. DILKS, | Case No. EDCV 14-2187-JFW (RNB) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| JOHN McMAHON (Sheriff), | |
| Respondent. | |

On October 23, 2014, the Clerk's Office in the Riverside Division received a document from petitioner captioned "Petition for Writ of Habeas Corpus." Since the document on its face purported to relate to a California criminal proceeding, it was processed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Based on his review of the Petition, the assigned Magistrate Judge issued an Order on October 27, 2014 advising that it was unclear whether petitioner intended to file the Petition in this Court, as opposed to in the California Court of Appeal; and that, if petitioner did intend to file the Petition in this Court, then it suffered from the following deficiencies.

First, 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States." See 28 U.S.C. § 2254(a). Here, it appeared from the face of the Petition that petitioner was not claiming to be in custody pursuant to the judgment of a California state court. Rather, he was in custody following his nolo contendere plea to a charge of attempted unlawful taking of a vehicle, and his sentencing along with the pronouncement of judgment currently was calendared for November 7, 2014. Consequently, it appears to the Magistrate Judge that the jurisdictional requisite for a § 2254 petition consequently had not been met here.

Second, while 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding, as a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746. 27 L. Ed. 2d 669 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues), cert. denied, 516 U.S. 806 (1995). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993); Partington v. Gedan, 880 F.2d 116, 121 (9th Cir.

1989), cert. denied, 497 U.S. 1038 (1990). To determine whether an exception to Younger is present, the court "must also examine whether the proceeding demonstrates 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Partington, 880 F.2d at 121 (quoting Middlesex, 457 U.S. at 435). Here, it appeared to the Magistrate Judge that all three criteria for Younger abstention were met with respect to the criminal proceeding still pending against petitioner in the Superior Court in Victorville. Moreover, petitioner had not sufficiently alleged any bad faith or harassment by state officials, or that he would be irreparably injured by waiting until the conclusion of the California criminal proceeding to assert his claim that the refiling of the charges against him did not comply with the requirements of Cal. Penal Code § 871.5 (which the Magistrate Judge noted was not even a claim cognizable on federal habeas review) and his ineffective assistance of counsel and illegal plea claims. Indeed, nothing precluded petitioner from asserting his jurisdictional claims at the time of his sentencing.

Third, if judgment was pronounced as expected on November 7, 2014, then the jurisdictional requisite for a § 2254 petition would be met. Petitioner's claims then would be subject to the exhaustion of state remedies requirement of § 2254(b). Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).

The Magistrate Judge therefore ordered petitioner, on or before November 13, 2014, to show cause in writing, if any he had, why this action should not be summarily dismissed without prejudice for one or more of the reasons stated in the Order. Petitioner failed to file a timely response to the Order to Show Cause or request an extension of time to do so.

Based on its own independent review of the Petition, the Court concurs with the Magistrate Judge that, if petitioner did intend to file the Petition in this Court,

3

then it suffered from one or more of the deficiencies noted in the Order to Show Cause.

    IT THEREFORE IS HEREBY ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 12/10/14

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge